The decision below is hereby signed. Dated: June 14, 2006.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CAMBRIDGE CAPITAL GROUP, INC., | ) ) | Case No. 03-01178 (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| _____ | ) ) | |
| WILLIAM H. WHITE, CHAPTER 7 TRUSTEE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Adversary Proceeding No. 06-10008 |
| | ) | |
| THOMAS SQUARE ASSOCIATES, LLC, | ) ) ) | |
| Defendant. | ) | |

DECISION RE STRIKING RESPONSE TO REQUEST FOR ENTRY
OF DEFAULT AND GRANTING MOTION FOR DEFAULT JUDGMENT

The defendant in this adversary proceeding has yet to file an answer to the complaint filed by the plaintiff on January 25, 2006 (D.E. No. 1). Having received no response from the defendant, the plaintiff requested an entry of default by the clerk of the court on May 1, 2006 (D.E. No. 6). Nancy C.

Cummings, the managing member of the defendant, has filed a response to the plaintiff's request in which she states that the defendant never received notice of the complaint or summons in this case even though the plaintiff had sent earlier correspondence to the defendant's correct address.  Ms. Cummings's response also indicates that the defendant may be able to assert meritorious defenses against the claims raised by the plaintiff.

The Federal Rules of Bankruptcy Procedure and this court's local rules do not permit Ms. Cummings to file papers on behalf of the defendant.  Instead, any pleading or motion must be filed by an attorney who is a member of the bar of the district court of which this court is a unit for this court to recognize it. See Fed. R. Bankr. P. 9011; Local Bankr. R. 2090-1.  The court has no choice but to strike Ms. Cummings's response on behalf of the defendant.  Without that response, there is no impediment to the entry of default judgment in favor of the plaintiff.

The court's entry of judgment does not foreclose all options available to the defendant.  It can move to vacate the judgment within ten days of the entry of judgment pursuant to Fed. R. Civ. P. 59(e) (as incorporated by Fed. R. Bankr. P. 9023).  Even if the defendant does not file a motion within ten days of the entry of judgment, it can still move for reconsideration under the comparatively stricter standards set forth in Fed. R. Civ. P.

60(b) (as incorporated by FED. R. BANKR. P. 9024). The court cannot consider any motion, however, if it is not filed by an attorney who is eligible to appear before this court. A judgment follows.

[Signed and dated above.]

Copies to: All counsel of record.